# United States District Court, Northern District of Illinois

M HN

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5865 | **DATE** | 8/18/2010 |
| **CASE TITLE** | Gecht vs. Rednour | | |

**DOCKET ENTRY TEXT**

Respondent's Motion to Dismiss [16] is granted. The Clerk shall enter judgment pursuant to Rule 58.

*[signature: Charles R. Norgle]*

Mai: |AO45O|
Docketing to mail notices.

■[ For further details see text below.]

## STATEMENT

Following a 1983 jury trial in the Circuit Court of Cook County, Illinois, Petitioner Robin Gecht ("Gecht") was convicted of aggravated kidnapping, deviate sexual assault, rape, and attempted murder. People v. Gecht, No. 84-319, slip op. at 1 (Ill. App. Ct. Nov. 30, 1989). The Circuit Court sentenced Gecht to an aggregate term of 120 years imprisonment. Id. Gecht currently resides in the Menard Correctional Center in Menard, Illinois, where he is in the custody of the Warden of that facility, Dave Rednour.

The Illinois Appellate Court affirmed Gecht's conviction and sentences on November 30, 1989, finding, *inter alia*, that there was "overwhelming evidence of defendant's guilt." Id. at 6. The Illinois Supreme Court denied Gecht's Petition for Leave to Appeal ("PLA") on October 3, 1990. People v. Gecht, 561 N.E.2d 698 (Ill. 1990). Gecht did not file a petition for writ of certiorari with the United States Supreme Court.

Gecht filed a petition for post-conviction relief in the Circuit Court on October 30, 1991. The Circuit Court denied the petition on September 12, 1997. The Illinois Appellate Court affirmed on March 8, 1999. People v. Gecht, No. 97-2006 (Ill. App. Ct. March 8, 1999). The Illinois Supreme Court denied Gecht's PLA on October 6, 1999. People v. Gecht, 720 N.E.2d 1098 (Ill. 1999).

On October 3, 2000, Gecht filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Northern District of Illinois. In July 2002, however, Gecht moved the Court to stay the proceeding, or in the alternative to dismiss the case without prejudice so that he could pursue further remedies in the state court. The Court granted the motion in the alternative and dismissed the case on November 25, 2002. Gecht v. Cowan, No. 00-6120 (N.D. Ill. November 25, 2002).

On July 15, 2002, Gecht filed a successive post-conviction petition in the Circuit Court. The Circuit Court denied the petition on October 13, 2006. The Illinois Appellate Court affirmed on November 26, 2008, again determining that "the evidence of defendant's guilt is overwhelming." People v. Gecht, 899 N.E.2d 448, 454 (Ill. App. Ct. 2008). The Illinois Supreme Court denied Gecht's PLA on March 25, 2009. People v. Gecht, 904 N.E.2d 982 (Ill. 2009).

## STATEMENT

Gecht did not move this Court to reopen his original § 2254 proceeding. Instead, he filed a new Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 21, 2009. Respondent filed the instant Motion to Dismiss on February 1, 2010. Respondent asserts that the instant petition is untimely. The Motion is fully briefed and before the Court.

There is a one-year statute of limitations on habeas corpus petitions running from the latest of four separate dates. 28 U.S.C. § 2244(d). The date that applies in this case is: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at (d)(1)(A). This statute of limitations is part of the broader Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was enacted on April 24, 1996. Newell v. Hanks, 283 F.3d 827, 832 (7th Cir. 2002). Under section 2244(d)(2), this limitations period is tolled during the pendency of a properly filed state petition for post-conviction relief. 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).

In this case, Gecht's judgment of conviction became final on January 2, 1991 – ninety days after the Illinois Supreme Court denied his PLA on direct review – when the deadline to file a petition for writ of certiorari in the United States Supreme Court expired. See Supreme Court Rule 13(1); Anderson v. Litscher, 281 F.3d 672, 674 (7th Cir. 2002) ("the ninety day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for the purposes of calculating when the statute of limitations begins to run."). Because Getch's conviction became final before the date the statute of limitations became effective, however, Getch had a one-year grace period from the year of the AEDPA's effective date – until April 24, 1997 – in which to file his § 2254 Motion. See Newell, 283 F.3d at 832. Gecht's October 30, 1991 state post-conviction petition, however, tolled the limitations period. See 28 U.S.C. § 2244(d)(2). The limitations period remained tolled until October 6, 1999, when the Illinois Supreme Court denied Getch's PLA. See id. Getch was therefore required to file his § 2254 petition on or before October 7, 2000. See 28 U.S.C. § 2244(d)(2). Getch filed the instant habeas petition on September 16, 2009, well beyond the limitations period.

Neither of Getch's subsequent submissions tolled the limitations period. His initial § 2254 petition, which the Court dismissed in November 2002, does not toll the limitations period. See Dolis v. Chambers, 454 F.3d 721, 723 (7th Cir. 2006) (a federal habeas petition does not "stop the [limitations] clock.") (citing Duncan v. Walker, 533 U.S. 167, 180 (2001)). His second state post-conviction petition, filed July 15, 2002, came too late to toll the AEDPA's statute of limitations. See Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005) ("The state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding . . . ."). Getch's instant habeas petition is therefore untimely.

Getch asserts, in his Response to the Motion to Dismiss, that the Court should apply the principle of equitable tolling to the AEDPA's limitations period. However, the Seventh Circuit has declined to indicate that equitable tolling applies to § 2254 petitions. Williams v. Buss, 538 F.3d 683, 685 (7th Cir. 2008). In addition, Getch has not demonstrated that any "extraordinary circumstances" exist that would justify the application of equitable tolling in this case. See id. The Court thus cannot find that Getch is entitled to the benefits of equitable tolling.

Respondent's Motion to Dismiss is therefore granted.

